IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.J. B.Z.,<br><br>    Petitioner,<br><br>    v.<br><br>MINGA WOFFORD et. al.,<br><br>    Respondents. | No. 1:25-cv-01800-DC-DMC (HC)<br><br>ORDER |

        Petitioner has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). See ECF No. 12. Pending before the Court is Petitioner's unopposed motion to proceed under pseudonym and Petitioner's initial petition. See ECF Nos. 3 and 1.

        "The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1042 (9th Cir. 2010). However, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit, . . . parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" Id. at 1067–68 (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must

1 balance the need for anonymity against the general presumption that parties' identities are public
2 information and the risk of unfairness to the opposing party." <u>Id.</u> at 1068.

3       The Ninth Circuit has identified three situations in which parties have been
4 allowed to proceed under pseudonyms: "(1) when identification creates a risk of retaliatory
5 physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of
6 sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit
7 [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution . . . ." <u>Id.</u>
8 (citations and internal quotation marks omitted). A party requesting to proceed pseudonymously
9 has the burden of showing that their "need for anonymity outweighs prejudice to the opposing
10 party and the public's interest in knowing the party's identity." <u>Id.</u> at 1068–69. "When a party
11 requests Doe status, the factors to be balanced against the general presumption that parties'
12 identities are public information, are: (1) the severity of the threatened harm; (2) the
13 reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to
14 such retaliation." <u>Doe v. Ayers</u>, 789 F.3d 944, 945 (9th Cir. 2015) (internal quotation marks,
15 brackets, and ellipses omitted).

16       Petitioner moves to proceed under pseudonym in this action because he will be
17 seeking asylum in the United States. <u>See</u> ECF No. 3, pg. 3. Petitioner contends that disclosure of
18 his name could cause Petitioner and his family to face "harassment and retaliation." <u>Id.</u> at 2.
19 Petitioner additionally asserts that litigation of this petition may require disclosure of his private
20 medical information and "disclosure of such information could lead to stigma and further harm"
21 Petitioner. <u>Id.</u> at 3.

22       Given Petitioner will be seeking asylum, this Court finds Petitioner's fear of
23 retaliation to be supported and reasonable. <u>See</u> <u>Doe v. Becerra</u>, 787 F. Supp. 3d 1083, 1095–96
24 (E.D. Cal. 2025) (finding that the petitioner, who was seeking withholding of removal through an
25 asylum application, reasonably feared political persecution and that proceeding under a
26 pseudonym was justified). Moreover, the public interest in petitioner's identity in this case is
27 minimal and outweighed by petitioner's present need for anonymity. <u>Id.</u> Additionally,
28 Respondents did not file an opposition to the pending motion. The court will therefore grant

1  Petitioner's motion to proceed under pseudonym at this stage in the litigation, without prejudice
2  to Respondents filing a future motion to revoke such protection.
3        As to Petitioner's petition, pursuant to 28 U.S.C. § 2243, the court will order
4  Respondent to file a response to the pending petition.
5        In accordance with the above, IT IS HEREBY ORDERED that:
6      1. Petitioner's motion to proceed under pseudonym, ECF No. 3, is GRANTED;
7      2. Respondent is directed to file a response within 60 days. Respondent shall include
8         with the response any and all transcripts or other documents relevant to the
9         determination of the issues presented in the habeas application.
10     3. Petitioner's reply, if any, is due on or before 30 days from the date Respondent's
11        response is filed.
12 Dated: December 19, 2025

                                                DENNIS M. COTA
                                                UNITED STATES MAGISTRATE JUDGE