**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

M.J. B.Z.,

Petitioner,

v.

MINGA WOFFORD et. al.,

Respondents.

No. 1:25-cv-01800-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner was initially detained and released on parole by Department of Homeland Security on August 4, 2024. See ECF No. 1, pg. 14. Petitioner asserts he was denied due process when he was re-detained on September 13, 2025, without notice or a pre-deprivation bond hearing. See id. at 15. The District Judge ordered Respondents to respond to the motion for temporary restraining order, specifically directing Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Labrador-Prato v. Noem et al., 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and other similar cases previously decided by the court. See ECF No. 6.

/ / /

On December 15, 2025, the District Judge directed Respondents to additionally address whether there were any factual or legal issues in this case that rendered it distinguishable from Selis Tonoco v. Noem, et al., 1:25-cv-01831-DC-AC, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), or indicate that the matter is not substantively distinguishable. See ECF No. 10. Respondents filed an opposition to injunctive relief. See ECF No. 11. The Court found the matter was not distinguishable from Labrador-Prato or Selis Tonoco, granted Petitioner's motion for temporary restraining order and ordered:

(1) Petitioner shall be released immediately from the Respondents' custody;

(2) Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and

(3) If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. Moreover, in light of Respondents' non-opposition to treating Petitioner's Motion for a Temporary Restraining Order as a Motion for Preliminary Injunction (see Doc. No. 11 at 13), and given that the standard for issuing a Temporary Restraining Order is "substantially identical" to the standard for issuing a Preliminary Injunction, Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001), the court hereby ISSUES a Preliminary Injunction on the same terms.

ECF No. 12.

The matter was referred to the undersigned for further proceedings. filed a response to the petition. See ECF No. 14. Petitioner filed a reply. See ECF No. 15.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 12, and under Ninth Circuit authority, Petitioner is subject to discretionary detention pursuant to § 1226(a). See Vazquez v. Bostock, No. 25-6842, 2026 LX 482469, at *12, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Additionally, for the reasons addressed in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864

(E.D. Cal. Feb. 5, 2026), the undersigned finds that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 3 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE